UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WESLEY ELMER WILLS,<br><br>      Plaintiff,<br><br>  v.<br><br>LUCINDA JESSON, DENNIS BENSON, KEVIN MOSER, ELIZABETH BARBO, KEVIN BROWNE, TRACY GEBHART, SUSAN JOHNSON, SCOTT BENOIT, TERRY KNIESEL, JULIANNA BEAVENS, BLAKE CAREY, WILLIAM GULLICKSON, SARA KULAS, JIM LIND, RON FISHER, RANDY GORDON, MIKE ZIMMERMAN, LAURIE SEVERSON, RALPH SCHMIDT, JAMIE JUNGERS, BETH VIRDEN, THANE MURPHY, DIANA MAAGARD, ROBERT ROSE, PHIL WILDER, THOMAS LUNDQUIST, LESLIE BARFKNECHT, YVETTE ANDERSON, TARA OSBORNE, DANA OSBORNE, KENT JOHANNSEN, TERESA KNEIS, CORNELIA LOUGH, JANE STINAR, JASON JOHNSON, RHONDA HAUGSTAD, JUSTIN WRIGHT, RICK O'CONNOR, JARED ROCK, GREG SWENSON, AMANDA HEGGE, CRAIG BERG, COREY VARGASON, NATE CROTTEAU, JOHN DOE STAFF, and JANE DOE STAFF,<br><br>      Defendants. | Civil No. 11-3429 (PAM/TNL)<br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed as to thirteen of the named Defendants – Lucinda Jesson, Dennis Benson, Elizabeth Barbo, Tracy Gebhart, Sara Kulas, Ralph Schmidt, Jamie Jungers, Beth Virden, Thane Murphy, Diana Maagard, Thomas Lundquist, Kent Johannsen, and Cornelia Lough.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to sue the named Defendants under 42 U.S.C. § 1983, for allegedly violating his federal constitutional rights. To state an actionable § 1983 civil rights claim, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights claimant must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, while acting under color of state law, that purportedly violated the plaintiff's federal constitutional rights. As explained by the Supreme Court, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948 (emphasis added).

In this case, Plaintiff has failed to plead an actionable § 1983 claim against Defendants Lucinda Jesson, Dennis Benson, Elizabeth Barbo, Tracy Gebhart, Sara Kulas, Ralph Schmidt, Jamie Jungers, Beth Virden, Thane Murphy, Diana Maagard, Thomas Lundquist, Kent Johannsen, and Cornelia Lough, because his complaint does not describe any specific acts or omissions by any of these thirteen named Defendants. Plaintiff has repeatedly

alleged, in vague and general fashion, that Defendants have violated his federal constitutional rights under the Fifth and Fourteenth Amendments.  All of those allegations, however, are wholly conclusory.   There are no allegations suggesting that any of the thirteen Defendants identified above played any role in any of the incidents described in Plaintiff's complaint.  Plaintiff has not described anything that any of these Defendants did, or failed to do, that could be viewed as a violation of his federal constitutional rights.  Indeed, none of these thirteen Defendants is even mentioned in any of the substantive allegations of Plaintiff's complaint.

Because Plaintiff has not identified any specific <u>personal</u> acts or omissions by any of the thirteen Defendants identified herein, he has failed to plead an actionable civil rights claim against any of them.  The Court will therefore recommend that Plaintiff's claims against these thirteen Defendants be dismissed pursuant to § 1915(e)(2)(B)(ii).

In a separate order, the Court has granted Plaintiff's pending IFP application in this case.  Thus, at least for now, Plaintiff will be allowed to pursue his claims against the remaining Defendants named in his complaint, without prejudice to any defenses those Defendants may hereafter attempt to raise.

[Report and Recommendation continued on next page.]

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Plaintiff's claims against Lucinda Jesson, Dennis Benson, Elizabeth Barbo, Tracy Gebhart, Sara Kulas, Ralph Schmidt, Jamie Jungers, Beth Virden, Thane Murphy, Diana Maagard, Thomas Lundquist, Kent Johannsen, and Cornelia Lough, be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   December   19   , 2011

                   s/ Tony N. Leung
                TONY N. LEUNG
                United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before <u>January 6, 2012.</u>